UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWAR ROJAS RIVERA, Petitioner, v. TONYA ANDREWS, Respondent. | No. 1:26-cv-05380-DAD-JDP (HC) <br> <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PENDING MOTIONS AS MOOT</u> <br> (Doc. Nos. 2, 3, 4, 10) |

On July 13, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 3.) On July 14, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) On July 16, 2026, respondent filed an opposition to the motion for temporary restraining order and a declaration of deportation officer Rodrigo Juarez in support of that opposition. (Doc. Nos. 8, 9.)

Based upon a review of the briefing, the court finds the following facts. On April 8, 2024, an immigration judge ordered petitioner removed *in absentia*. (Doc. No. 8-4.) On July 2, 2026, petitioner encountered immigration authorities and was detained by those authorities. (Doc. No. 8-6 at 2.) Respondent has received petitioner's travel document and is prepared to remove

petitioner to Colombia in compliance with petitioner's April 8, 2024 removal order that had been entered *in absentia*. (Doc. No. 8 at ¶¶ 10–13.)

Respondent argues that petitioner's continued detention pursuant to 8 U.S.C. § 1231(a)(6) is justified because his detention is reasonably foreseeable. (Doc. No. 9 at 2–3.)

First, the court finds that petitioner's removal order is final. *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021) (holding that a removal order *in absentia* becomes final after 180 days if the noncitizen fails to file a motion to reopen proceedings before the immigration judge). "*Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)] places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.' The [respondent] must then introduce evidence to refute that assertion." *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (internal citation omitted). Here, petitioner has provided no evidence to support a finding that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Moreover, respondent has come forward with evidence that it can execute the removal order in the imminent future.

Accordingly, the court finds that petitioner is properly subject to detention pursuant to 8 U.S.C. § 1231(a)(6) because petitioner has not satisfied his initial burden.

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;
2. Petitioner's motions for to proceed *in forma pauperis*, temporary restraining order, and to appoint counsel (Doc. Nos. 2, 3, 4) are DENIED as having been rendered moot by this order denying his petition for habeas relief;
3. Respondent's motion to vacate the court's July 14, 2026 order (Doc. No. 10) is GRANTED; and

/////

/////

/////

/////

4. The Clerk of the Court is directed to ENTER judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated: **July 17, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE